Matthew P. Minser, Esq. (SBN 296344)
SALTZMAN & JOHNSON LAW CORPORATION
1141 Harbor Bay Parkway, Suite 100
Alameda, CA 94502
Telephone: (510) 906-4710
Email: mminser@sjlawcorp.com

Attorneys for Plaintiffs, District Council 16 Northern
California Health and Welfare Trust Fund, et al.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al., | Case No. C17-0226 RS |
| Plaintiffs, | **AMENDED JUDGMENT PURSUANT TO STIPULATION** |
| v. | |
| FLOOR SEAL TECHNOLOGY, INC., a California Corporation; and WILLIAM CLYNE, an individual, | |
| Defendants. | |

IT IS HEREBY STIPULATED and AGREED (the "Stipulation") by and between the parties hereto that an Amended Judgment shall be entered in the within action in favor of Plaintiffs District Council 16 Northern California Health and Welfare Trust Fund, et al. ("Plaintiffs" or "Trust Funds") and against Defendant Floor Seal Technology, Inc., a California Corporation, and Defendant William Clyne, an individual, as follows:

1.     Defendant Floor Seal Technology, Inc. is signatory to and bound by the terms of a Collective Bargaining Agreement(s) ("Bargaining Agreement") with the Plaintiff Union ("Union"). The Bargaining Agreement is still in full force and effect.

2.     William Clyne confirms that he is the RMO/CEO/President of Defendant Floor Seal Technology, Inc., and is authorized to enter into this Stipulation on behalf of Defendant Floor Seal

**AMENDED JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C17-0226 RS**

1    Technology, Inc.

2         3.      William Clyne ("Guarantor") also confirms that he is personally guaranteeing the

3    amounts due herein and confirms that has been added as a Defendant to the above-captioned action.

4    Defendant William Clyne and Defendant Floor Seal Technology, Inc. (collectively "Defendants")

5    specifically consent to the Court's jurisdiction, as well as the use of a Magistrate Judge for all

6    proceedings, including entry of judgment herein. Defendants further confirm that all successors in

7    interest, assignees, and affiliated entities (including, but not limited to, parent or other controlling

8    companies), and any companies with which either Defendant joins or merges, if any, shall also be bound

9    by the terms of this Stipulation as Guarantors. This shall include any additional entities in which

10   Guarantor is an officer, owner or possesses any controlling ownership interest. All such entities shall

11   specifically consent to the Court's jurisdiction, the use of a Magistrate Judge for all proceedings, and all

12   other terms herein, in writing, at the time of any assignment, affiliation or purchase.

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

2

**AMENDED JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C17-0226 RS**

4.      Defendants are currently indebted to the Trust Funds as follows:

| Work Month | Total Contributions Reported | Unpaid Contributions | 20% Liquidated Damages | 5% Interest | Subtotal Due |
|---|---|---|---|---|---|
| 1/17 | $43,966.23 | $2,214.56 | $442.91 | $18.06 | $2,675.53 |
| 2/17 | $43,196.07 | $758.94 | $151.79 | $45.70 | $956.43 |
| 3/17 | $59,225.48 | $0.00 | $11,831.28 | $54.16 | $11,885.44 |
| 4/17 | $49,924.80 | $0.00 | $9.03 | $0.06 | $9.09 |
| 7/17 | $35,841.79 | $0.00 | $7,168.36 | $24.55 | $7,192.91 |
| 8/17 | $40,818.54 | $0.00 | $8,163.71 | $128.57 | $8,292.28 |
| 9/17 | $39,553.49 | $0.00 | $7,910.70 | $146.34 | $8,057.04 |
| 10/17 | $48,005.73 | $0.00 | $9,601.15 | $144.76 | $9,745.91 |
| 11/17 | $39,460.95 | $0.00 | $7,892.19 | $43.28 | $7,935.47 |
| 12/17 | $37,692.46 | $0.00 | $7,538.49 | $30.96 | $7,569.45 |
| 1/18 | $34,386.43 | $0.00 | $6,877.29 | $4.71 | $6,882.00 |
| 3/18 | $18,825.25 | $0.00 | $3,765.05 | $43.69 | $3,808.74 |
| 4/18 | $19,171.57 | $0.00 | $3,834.31 | $31.44 | $3,865.75 |
| 5/18 | $16,350.18 | $0.00 | $3,270.04 | $26.88 | $3,296.92 |
| 2/19 | $13,390.98 | $0.00 | $2,678.20 | $32.94 | $2,711.14 |
| 3/19 | $12,563.24 | $0.00 | $2,512.65 | $26.77 | $2,539.42 |
| 4/19 | $16,800.84 | $0.00 | $3,360.17 | $11.50 | $3,371.67 |
| 5/19 | $23,033.92 | $0.00 | $4,606.78 | $15.80 | $4,622.58 |
| 6/19 | $20,699.74 | $0.00 | $4,139.95 | $59.64 | $4,199.59 |
| 7/19 | $19,963.73 | $0.00 | $3,992.75 | $49.14 | $4,041.89 |
| 8/19 | $13,193.88 | $0.00 | $2,638.78 | $19.91 | $2,658.69 |
| 9/19 | $8,701.00 | $0.00 | $1,740.20 | $24.99 | $1,765.19 |
| 10/19 | $11,880.82 | $0.00 | $2,376.16 | $32.60 | $2,408.76 |
| 11/19 | $23,332.94 | $0.00 | $4,666.59 | $54.40 | $4,720.99 |
| 12/19 | $15,054.35 | $0.00 | $1,229.53 | $8.40 | $1,237.93 |
| 1/20 | $21,781.81 | $0.00 | $4,356.36 | $16.58 | $4,372.94 |
| 2/20 | $23,256.99 | $0.00 | $4,651.40 | $55.19 | $4,706.59 |
| 3/20 | $17,485.04 | $0.00 | $3,497.00 | $16.59 | $3,513.59 |
| 4/20 | $17,702.10 | $0.00 | $3,540.42 | $26.62 | $3,567.04 |
| 5/20 | $29,634.90 | $0.00 | $5,926.98 | $56.84 | $5,983.82 |
| 6/20 | $24,512.39 | $0.00 | $3,794.31 | $12.24 | $3,806.55 |
| 7/20 | $31,850.94 | $0.00 | $6,370.19 | $40.92 | $6,411.11 |
| 8/20 | $36,629.29 | $0.00 | $7,333.86 | $49.26 | $7,383.12 |
| 4/21 | $41,502.60 | $0.00 | $8,300.52 | $22.76 | $8,323.28 |
| 5/21 | $35,535.86 | $0.00 | $7,107.17 | $34.09 | $7,141.26 |
| 7/21 | $31,808.26 | $0.00 | $6,361.65 | $34.65 | $6,396.30 |
| **Subtotal:** | **$1,227,274.49** | **$2,973.50** | **$173,637.92** | **$1,444.99** | **$178,056.41** |

| | |
|---|---|
| Total Due, as shown above, for 1/17-4/17; 7/17 – 1/18, 3/18-5/18; 2/19-8/20; 4/21, 5/21, 7/21: | $178,056.41 |
| Liquidated Damages Included in Original Judgment: | $79,209.65 |
| Attorneys' Fees (2/10/17-7/31/21): | $24,089.50 |

3

**AMENDED JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C17-0226 RS**

|  |  |  | Costs (2/10/17-7/31/21): | $403.71 |
|---|---|---|---|---|
| Audit (4/1/13-7/31/16) | Contribution Underpayments | $29,801.83 | | |
| | 20% Liquidated Damages | $5,960.37 | | |
| | Interest (through 9/17/21) | $9,673.77 | | |
| | Testing Fees | $7,263.90 | | |
| | Total | | | $52,699.87 |
| Audit (8/1/16-8/31/18) | Contribution Underpayments | $34,681.28 | | |
| | 20% Liquidated Damages | $6,936.26 | | |
| | Interest (through 9/17/21) | $7,354.09 | | |
| | Testing Fees | $4,842.60 | | |
| | Total | | | $53,814.23 |
| | Credit for Overpayment on Previous Stipulated Payments[1]: | | | ($20,669.73) |
| | Credit for Post-Writ Payment 1[1]: | | | ($3,158.63) |
| | **TOTAL JUDGMENT:** | | | **$364,445.01** |

## REQUIREMENTS UNDER THE TERMS OF THIS STIPULATION

5. **Notice requirements** pursuant to the terms of this Stipulation are as follows:

a) <u>Notices to Defendants</u>:  William Clyne, Floor Seal Technology, Inc., c/o Roger M. Mason. Esq., 983 University Ave., Los Gatos, CA 95032; email: <u>rmason@smwb.com</u>

b) <u>Notices to Plaintiffs</u>: Matthew P. Minser, Saltzman & Johnson Law Corp., 1141 Harbor Bay Parkway, #100, Alameda, CA 94502; email: mminser@sjlawcorp.com, copy to <u>compliance@sjlawcorp.com</u>

6. The requirements pursuant to the terms of this Stipulation are as follows:

a) **Conditional Waiver of Liquidated Damages**: All liquidated damages included in this Amended Stipulation, totaling $265,744.20 shall be <u>conditionally waived</u>. The conditional waiver is expressly conditioned on full compliance with all terms of this Amended Judgment Pursuant to Stipulation, as set forth in ¶15, below.

b) **Monthly Payments**: Defendants shall pay the amount of **$98,700.81**, representing all the above amounts, less liquidated damages in the amount of $265,744.20.

i) Payments in the amount of **$8,450.00 per month** shall begin in February 2022 and continue each month thereafter **for a period of 12 months**. Plaintiffs may require that Defendants pay electronically by ACH/wire transfer, or by cashier's check, if any of Defendants'

---

[1] Subject to final confirmation of credit availability by Trust Fund Administrator.

4

**AMENDED JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C17-0226 RS**

1   payments are returned for non-sufficient funds.

2               ii)      Defendants shall have the right to increase the monthly payments at any

3   time and there is no penalty for prepayment.

4               iii)     Payments shall be applied first to interest, at the rate of 5% per annum in

5   accordance with the Bargaining Agreement(s) and Trust Agreements. Interest shall begin to accrue on

6   September 18, 2021.

7               c)      **Contributions:** Beginning with contributions due for hours worked by

8   Defendants' employees during the month of January 2022, and for every month thereafter until this

9   Judgment is satisfied, Defendants shall remain current in reporting and payment of contributions due to

10  Plaintiffs under the terms of the Collective Bargaining Agreement(s).

11              d)      **Job Report:** Beginning with the month of January 2022, and for every month

12  thereafter, Defendants shall fully disclose all jobs on which they are working by providing Plaintiffs

13  with fully completed job reports on the form attached hereto as Exhibit A. Upon request by Plaintiffs,

14  Defendants shall also provide Plaintiffs with copies of Certified Payroll Reports.

15              d)      **Fees:** Defendants shall pay all additional attorneys' fees and costs incurred

16  through Satisfaction of Judgment, whether or not a default occurs.

17         7.      In summary, Defendants shall deliver the following to Plaintiffs, at the following

18  locations, on or before the following delivery deadlines, until this Stipulation has been fully satisfied:

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28

**AMENDED JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C17-0226 RS**

| Required Submissions | Delivery deadlines[2] | Delivery locations |
|---|---|---|
| **Stipulated payments in the amount of $8,450.00** payable to *District Council 16 Northern California Trust Funds* | Last business day of each month (2/28/22 – 1/31/23) | District Council 16 Northern California Trust Funds P.O. Box 4816 Hayward, CA 94540-4816; Plus, ***copy*** to: compliance@sjlawcorp.com (subject: "Floor Seal Technology"); |
| **Current contribution reports and payments** payable to *District Council 16 Northern California Trust Funds* | Last business day of each month (beginning 2/28/22, for 1/21 hours) | District Council 16 Northern California Trust Funds P.O. Box 4816 Hayward, CA 94540-4816; Plus, ***copies*** to: compliance@sjlawcorp.com (subject: "Floor Seal Technology"); or Matthew P. Minser Saltzman & Johnson Law Corp. 1141 Harbor Bay Parkway, Ste 100, Alameda, CA 94502 |
| **Completed job reports** (form attached as Exhibit A to Stipulation) **and Certified Payroll** (if requested) | Last business day of each month (beginning 2/28/22, for 1/21 hours) | compliance@sjlawcorp.com (subject: "Floor Seal Technology") or Matthew P. Minser Saltzman & Johnson Law Corp. 1141 Harbor Bay Parkway, Ste 100, Alameda, CA 94502 |

8.     Failure to comply with any of the above terms, including submitting a payment that does not clear the bank, shall constitute a default of the obligations under this Stipulation.

## DEFAULTS UNDER THE TERMS OF THIS STIPULATION

9.     If default occurs, Plaintiffs shall make a written demand to Defendants to cure said default ***within seven (7) days of the date of the notice from Plaintiffs***. In the event default is not cured within the required time frame, all amounts remaining due hereunder (after application of principal

---

[2] If the Stipulation has not been fully satisfied by 1/31/23, all monthly submission requirements shall continue until all amounts have been paid and a Satisfaction of Judgment has been filed with the Court.

**AMENDED JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C17-0226 RS**

payments made, if any) shall be due and payable on demand by Plaintiffs. These amounts shall include any conditionally waived liquidated damages, additional (current) contributions/liquidated damages/interest, and additional attorneys' fees and costs incurred herein.

10.     Any unpaid or late-paid contributions, together with 20% liquidated damages and 5% per annum interest, shall become part of this Judgment. Plaintiffs reserve all rights available to collect any contributions and related amounts not included herein. This includes, but is not limited to, any amounts due pursuant to employee timecards or paystubs, by audit, or other means. Should Defendants fail to submit a report for any month, contributions shall be estimated pursuant to Trust Fund policy. Defendants specifically waive the defense of the doctrine *res judicata* as to any such additional amounts determined as due.

11.     A Writ of Execution may be obtained without further notice, in the amount of the unpaid balance plus any additional amounts due under the terms herein. Such Writ of Execution may be obtained solely upon declaration by a duly authorized representative of Plaintiffs setting forth the balance due as of the date of default.

## **MISCELLANEOUS PROVISIONS**

12.     The above requirements remain in full force and effect regardless of whether Defendants have ongoing work, whether Defendants' account with the Trust Funds is active, or whether Defendants are signatory to a Collective Bargaining Agreement with the Union. If, for any reason, Defendants have no work to report during a given month, Defendants shall submit the job report form (Exhibit A attached hereto) indicating that there are no current jobs. If Defendants have no contributions to report, Defendants shall submit the applicable contribution report stating, "no employees."

13.     Payments made by joint check shall be endorsed on behalf of Defendants prior to submission, and may be applied toward Defendants' monthly stipulated payment, provided that the issuer of the joint check is not requesting a release in exchange for the payment. Joint checks for which a release is requested may not be applied toward Defendants' monthly stipulated payment but shall be deducted from the total balance owed under this Stipulation, provided the payment is for contributions included in this Stipulation.

**AMENDED JUDGMENT PURSUANT TO STIPULATION**
Case No.: C17-0226 RS

14.     Prior to January 31, 2023, Plaintiffs shall advise Defendants as to the final amount due, including additional interest, any current contributions and related amounts, and all additional attorneys' fees and costs incurred by Plaintiffs, whether or not Defendant's default herein. Any additional amounts due shall be paid in full by January 31, 2023.

15.     The conditional waiver of liquidated damages shall be presented to the Board of Trustees for consideration only after all other amounts due under the terms of this Stipulation are paid in full, and Defendants' account is otherwise current. If the waiver is granted, a Satisfaction of Judgment will be filed with the Court once all payments have cleared the bank. If the waiver is not granted, the liquidated damages will be immediately due. The waiver may be granted with further conditions, such as paying timely and remaining current for an additional period of time.

16.     Defendants waive any notice of Entry of Judgment or of any Request for a Writ of Execution, and expressly waive all rights to stay of execution and appeal.

17.     Any failure on the part of Plaintiffs to take any action as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach.

18.     The parties agree that any payments made pursuant to the terms of this Judgment shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendants as a preference under 11 U.S.C. Section 547 or otherwise.

19.     Should any provisions of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable, or invalid part, term, or provisions shall be deemed not to be part of this Stipulation.

20.     This Stipulation is limited to the agreement between the parties with respect to the unpaid and delinquent contributions and related sums enumerated herein, owed by Defendants to Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendants acknowledge that Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendants and control group members, as provided by Plaintiffs' Plan documents, Trust

8

Agreements incorporated into their Bargaining Agreements, and applicable laws and regulations. The parties to this Stipulation understand and agree that nothing contained herein shall in any manner relate to or otherwise limit the obligations of Defendants with respect to the assessment and collection of withdrawal liability pursuant to 29 U.S.C. § 1381 et seq.

21.     This Stipulation contains all the terms agreed to by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

22.     This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

23.     Defendants represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware of and represent that they enter into this Stipulation voluntarily and without duress.

24.     The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

DATED: January 24 , 2022                    **FLOOR SEAL TECHNOLOGY, INC., a**
                                             **California Corporation**

                            By: _____
                                 William Clyne, RMO/CEO/President of
                                 Defendant Floor Seal Technology, Inc.

DATED: January 24 , 2022                    **WILLIAM CLYNE**

                                 _____

DATED: January ___ , 2022                   **DISTRICT COUNCIL 16 NORTHERN**
                                             **CALIFORNIA HEALTH AND WELFARE**
                                             **TRUST FUND, et al.**

                            By: _____
                                 Robert Williams
                                 Trustee of Plaintiff Trust Funds

9

AMENDED JUDGMENT PURSUANT TO STIPULATION
Case No.: C17-0226 RS

1  Agreements incorporated into their Bargaining Agreements, and applicable laws and regulations. The

2  parties to this Stipulation understand and agree that nothing contained herein shall in any manner relate

3  to or otherwise limit the obligations of Defendants with respect to the assessment and collection of

4  withdrawal liability pursuant to 29 U.S.C. § 1381 et seq.

5       21.    This Stipulation contains all the terms agreed to by the parties and no other agreements

6  have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by

7  all parties hereto.

8       22.    This Stipulation may be executed in any number of counterparts and by facsimile, each of

9  which shall be deemed an original and all of which shall constitute the same instrument.

10       23.    Defendants represent and warrant that they have had the opportunity to be or have been

11  represented by counsel of their own choosing in connection with entering this Stipulation under the

12  terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware

13  of and represent that they enter into this Stipulation voluntarily and without duress.

14       24.    The parties agree that the Court shall retain jurisdiction of this matter until this Judgment

15  is satisfied.

16  DATED: January ___, 2022          **FLOOR SEAL TECHNOLOGY, INC., a**

17                                     **California Corporation**

18

19                       By: _____

                          William Clyne, RMO/CEO/President of

20                            Defendant Floor Seal Technology, Inc.

21  DATED: January ___, 2022          **WILLIAM CLYNE**

22

23                          _____

24  DATED: January ___, 2022          **DISTRICT COUNCIL 16 NORTHERN**

25                                 **CALIFORNIA HEALTH AND WELFARE**

26                                 **TRUST FUND, et al.**

27                       By: _____

                          Robert Williams

28                            Trustee of Plaintiff Trust Funds

9

1

2

3    DATED: January **20**, 2022          **DISTRICT COUNCIL 16 NORTHERN**
                                         **CALIFORNIA HEALTH AND WELFARE**
4                                        **TRUST FUND, et al.**

5
                                     By: _____
6                                        John Maggiore
                                         Trustee of Plaintiff Trust Funds
7

8

9    **APPROVED AS TO FORM:**

10

11   DATED: January ___, 2022          **SALTZMAN & JOHNSON LAW**
                                        **CORPORATION**
12

13                                   By: _____
                                        Matthew P. Minser, Attorneys for Plaintiffs,
14                                      District Council 16 Northern California Health
                                        and Welfare Trust Fund, et al.
15

16   DATED: January ___, 2022          **SWEENEY MASON LLP**

17

18                                   By: _____
                                        Roger M. Mason, Attorney for Defendants
19

20

21   **IT IS SO ORDERED**.

22   IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain

23   jurisdiction over this matter.

24

25   DATED: January ___, 2022          _____

26                                        UNITED STATES DISTRICT JUDGE

27

28
                                        10
     **AMENDED JUDGMENT PURSUANT TO STIPULATION**
     **Case No.: C17-0226 RS**

1

2

3  DATED: January ___, 2022

4

5

6

7

8

9  **APPROVED AS TO FORM:**

10

11  DATED: January 25, 2022

12

13

14

15

16  DATED: January ___, 2022

17

18

19

20

21

22

23

24

25  DATED: January ___, 2022

26

27

28

**DISTRICT COUNCIL 16 NORTHERN
CALIFORNIA HEALTH AND WELFARE
TRUST FUND, et al.**


By: _____
John Maggiore
Trustee of Plaintiff Trust Funds


**SALTZMAN & JOHNSON LAW
CORPORATION**


By: _____
Matthew P. Minser, Attorneys for Plaintiffs,
District Council 16 Northern California Health
and Welfare Trust Fund, et al.


**SWEENEY MASON LLP**


By: _____
Roger M. Mason, Attorney for Defendants


**IT IS SO ORDERED**.

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain

jurisdiction over this matter.


_____
UNITED STATES DISTRICT JUDGE

10

1

2

3    DATED: January ___, 2022          **DISTRICT COUNCIL 16 NORTHERN**
                                       **CALIFORNIA HEALTH AND WELFARE**
4                                      **TRUST FUND, et al.**

5
                                  By: _____
6                                      John Maggiore
                                       Trustee of Plaintiff Trust Funds
7

8    **APPROVED AS TO FORM:**
9

10
     DATED: January ___, 2022          **SALTZMAN & JOHNSON LAW**
11                                     **CORPORATION**

12
                                  By: _____
13                                     Matthew P. Minser, Attorneys for Plaintiffs,
14                                     District Council 16 Northern California Health
                                       and Welfare Trust Fund, et al.
15

16   DATED: January 24, 2022           **SWEENEY MASON LLP**

17
                                  By: _____
18                                     Roger M. Mason, Attorney for Defendants
19

20

21   **IT IS SO ORDERED**.

22   IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain

23   jurisdiction over this matter.

24

25   DATED: March 1, 2022
                                       _____
26                                     UNITED STATES DISTRICT JUDGE

27

28

                                            10
     **AMENDED JUDGMENT PURSUANT TO STIPULATION**
     **Case No.: C17-0226 RS**

**Exhibit A: JOB REPORT FORM**
**Completed Forms Due by the last business day of each month**
by email to compliance@sjlawcorp.com (subject line: *Floor Seal Technology*), or
delivered to Saltzman & Johnson, 1141 Harbor Bay Parkway, Suite 100, Alameda, CA 94502

**Employer: FLOOR SEAL TECHNOLOGY, INC.**
Report for the month of _____, 20__ Submitted by: _____

| Project Name: | | Public or Private? (Circle one) |
|---|---|---|
| Project Address: | | |
| General Contractor: | | |
| General Contractor Address: | | |
| General Contractor Phone #: | Project Manager Name: | |
| Project Manager Phone #: | Project Manager email address: | |
| Contract #: | Contract Date: | |
| Total Contract Value: | | |
| Work Start Date: | Work Completion Date: | |
| Project Bond #: | Surety: | |

| Project Name: | | Public or Private? (Circle one) |
|---|---|---|
| Project Address: | | |
| General Contractor: | | |
| General Contractor Address: | | |
| General Contractor Phone #: | Project Manager Name: | |
| Project Manager Phone #: | Project Manager email address: | |
| Contract #: | Contract Date: | |
| Total Contract Value: | | |
| Work Start Date: | Work Completion Date: | |
| Project Bond #: | Surety: | |

***Attach additional sheets as necessary***

11

AMENDED JUDGMENT PURSUANT TO STIPULATION
Case No.: C17-0226 RS